THE FRANKELITE COMPANY v. WINTELER ELECTRIC CO., INC., ET ALS.

---

(October 29, 1928. Opinion and Decree.)

---

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff and appellee.

H. W. Robinson & F. B. Freeland of New Orleans, attorneys for defendants and appellants.

WESTERFIELD, J. This is a suit on an open account in which plaintiff sues the Winteler Electric Company, Inc., A. P. Winteler and Paul P. Ebeyer, in solido, claiming $167.08. There was judgment as prayed for and the defendants, Winteler and Ebeyer, have appealed.

The defendants, A. P. Winteler and Paul P. Ebeyer, formed the partnership of

Ebeyer and Winteler Company. Subsequently Ebeyer withdrew from the partnership and Winteler acquired his interest. Later, January 18, 1926, the Winteler Electric Company, a Louisiana corporation, was organized. The merchandise making up this account was purchased on November 23, 1925, approximately two months before the corporation was organized and about five months after Ebeyer had sold his interest to Winteler, that transaction having occurred in June, 1925. At the time of the sale, therefore, Winteler was in full possession of the business on his own account. He admits having bought the goods and there can be no question of his liability. As to Ebeyer it is contended that having sold his interest in the partnership to Winteler he is not liable for Winteler's obligation incurred at a time subsequent to the dissolution of the partnership. In reply to this contention plaintiff points to the fact, as established by the evidence, that notwithstanding the sale of Ebeyer's interest to Winteler, Winteler with the permission of Ebeyer conducted the business in the name of the partnership and that consequently in thus lending his name to the business he is responsible to third persons, who may have been induced to extend credit by reason of the presence of his name which they would not otherwise do.

In support of this proposition we are referred to Johnson vs. Marx & Levy, 109 La. 1036, 34 So. 68, where it was held:

"If one lends his name as a partner, or suffers his name to be used in the business, he is responsible to third persons as a partner, for he may induce third persons to give credit to the concern which otherwise it would not enjoy."

And again—

"Jacques Levy, by permitting his name to remain in the partnership, imparted to it a credit it might not otherwise have obtained. He permitted Armand Levy to do business as though the old firm were still a going concern. He thus consented to the holding of himself out to the community as still a partner, and as parties hold themselves out to a community so will they be bound on their contracts. Perez vs. Ry. Co., 47 La. Ann. 1392, 17 So. 869."

We are also referred on this point to the case of McDaniel & Porter vs. Feitel Weil Company, 5 Orl. App. 195.

Defendant concedes the correctness of the principle invoked, as announced in the cited cases, but argues that it has no application here, for the reason that Ebeyer in severing his relation with his partnership notified plaintiff that he was no longer connected with the business. Without discussing the effect of such notice, we observe, that, from our appreciation of the evidence, it was not proven. The testimony relied upon as establishing the fact of notice is given by Winteler, who states, that, at the time he took over the assets and liabilities of the partnership of Ebeyer and Winteler Company (June, 1925), he notified plaintiff's salesmen, and also sent the plaintiff company a letter "in 1926 and sent them a check on account." At another point in his testimony he says that he mailed the plaintiff a corporation check for $50.00, meaning a check of the Winteler Electric Company, and, the statement attached to plaintiff's petition shows a credit of $50.00 under date of June 21, 1926.

It is apparent, therefore, that the letter referred to by Winteler, as giving notice of the sale of Ebeyer's interest in the partnership, was a letter written subsequent to January 18, 1926, the date of the organization of the corporation, and, long after June, 1925, the date on which Ebeyer sold to Winteler. There is no evidence in the

record to show that any letter was written to the plaintiff company concerning Ebeyer's sale to Winteler prior to November 23, 1925, the date on which the merchandise, for the price of which this suit is entered, was sold to Winteler, doing business, at that time, under the name of Ebeyer and Winteler Company.

We conclude, therefore, that this case falls within the principle of the authorities cited to the effect that one who permits his name to be used as a partner so as to induce third persons to extend credit, which otherwise they would not do, is liable as a partner.

For the reasons assigned the judgment appealed from is affirmed.